IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST MARINE & GENERAL INSURANCE COMPANY, as assignee and subrogee of My Community Credit Union, | § § § § § § | |
| Plaintiff, | § § | No. 3:24-CV-013-B-BW |
| V. | § § | |
| TAMMION VALENTINE, ET AL., Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are a motion for default judgment against Defendant Tammion Valentine (Dkt. No. 11), filed by Plaintiff Southwest Marine & General Insurance Company ("Southwest Marine"), as assignee and subrogee of My Community Credit Union, on March 19, 2024, and a motion to dismiss Defendant Valentine Travel Express LLC ("VTE") (Dkt. No. 13), filed by Southwest Marine on July 7, 2024.

United States District Judge Jane J. Boyle referred the case to United States Magistrate Judge Renée Harris Toliver for pretrial management and recommendation on case-dispositive motions, but the case was transferred and reassigned to the undersigned magistrate judge on August 23, 2024, by Special Order 3-354. (Dkt. Nos. 10, 14.)  The undersigned enters the following findings of fact, conclusions of law, and recommendation that Southwest Marine's motion for default

judgement against Defendant Valentine (Dkt. No. 11) be **GRANTED**, and its motion to dismiss Defendant VTE without prejudice (Dkt. No. 13) be **GRANTED**.

## I. BACKGROUND

Southwest Marine filed suit against Valentine and VTE on January 3, 2024. (*See* Dkt. No. 1, Complaint ("Compl.").) Southwest Marine asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Southwest Marine and Defendants (including the member(s) of VTE) are citizens of different states, and the amount in controversy when accounting for both compensatory damages and punitive damages exceeds $75,000.00.

According to the Complaint, Valentine is the owner and operator of VTE. (Compl. ¶ 4.) Southwest Marine's insured, My Community Credit Union ("My Community"), issued Valentine a credit card (the "Credit Card") with a credit limit of $3,400. (*Id.* ¶ 8.) Southwest Marine alleges that, from February to September 2022, Valentine operated a fraudulent kiting scheme whereby she repeatedly charged expenses to the Credit Card and then arranged sham payment transactions that would temporarily credit the account long enough to enable more charges. (*Id.* ¶¶ 8-12.) Valentine would then make new charges to the Credit Card before the payments were returned for insufficient funds. (*Id.* ¶ 11.) Southwest Marine alleges that My Community discovered the fraudulent activity on January 3, 2023, after Valentine had amassed an unpaid balance due of almost $60,000. (*Id.* ¶¶ 14-15.) Southwest Marine further alleges that Valentine ignored My Community's demands for

repayment and refused to communicate with My Community regarding the debt. (*Id.* ¶ 16.)

Southwest Marine subsequently paid an insurance claim to My Community due to loss sustained from commercial crime or fraud. (Compl. ¶¶ 18-20.) Southwest Marine asserts standing as both the subrogee and assignee of My Community. (*Id.* ¶¶ 21-22.) Southwest Marine filed the instant suit asserting claims of fraud, conversion, and unjust enrichment. (Compl. at 4-5.) Southwest Marine alleges compensatory damages in the principal amount of $59,228.69, plus punitive damages, interest, costs of suit, and attorneys' fees, an amount in controversy that exceeds $75,000.00. (*Id.* at 6.)

On January 23, 2024, Southwest Marine filed a return of service establishing that on January 8, 2024, a copy of the Complaint and Summons were "personally deliver[ed] to DEVIN VALENTINE, a co-resident over the age of 16" at Valentine's residential address in Balch Springs. (Dkt. No. 5.) There having been no appearance or answer filed by Valentine, Southwest Marine requested entry of default on January 31, 2024, which the Clerk of Court entered that same day. (Dkt. Nos. 6, 7.) On the following day, District Judge Boyle entered an Order to Show Cause directing Valentine to explain in writing why she failed to file an answer and warning her that failure to comply may result in a default judgment against her. (Dkt. No. 8.)

Less than one week later, on February 7, 2024, Valentine filed a response to Judge Boyle's order. The response states in full:

> I was advised by a co-worker that a[n] email was sent to her with some court Papers[.] I'm not even aware of what's going on and I'm having to answer by February the 7[.] I had to email this to my oldest daughter because I am not in town. And don't know who the papers were sent to[.] I called the Court office. And they said the papers w[ere] given to a minor.
>
> Tammion Valentine

(Dkt. No. 9.) Valentine has not filed an answer or any other document since.

Southwest Marine moved for default judgment on March 19, 2024. (Dkt. No. 11.) On September 19, 2024, the undersigned again ordered Valentine to show cause for her failure to file an answer to the complaint and warned Valentine that failure to comply could result in default judgment. (Dkt. No. 15.) Valentine has not filed any response to the order.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 55 (b)(2) governs the entry of a default judgment. A default judgment is available to a plaintiff who demonstrates the following: (1) the defendant was served with a summons and the complaint, and a default was entered because the defendant failed to appear; (2) the defendant is not a minor or an incompetent person; (3) the defendant is not in the military or subject to the Soldiers and Sailors Relief Act of 1940, 50 U.S.C. § 3931; and (4) if the defendant appeared in the case, the defendant was provided with notice of the default judgment application at least three days before the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). In addition,

the plaintiff "must make a prima facie showing of jurisdiction." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 3:14-CV-2589-M-BN, 2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

The Fifth Circuit has set out a three-step process for a plaintiff seeking default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a); *PharMerica Corp. v. Paragon Healthcare Group, LLC*, No. 2:19-CV-196, 2021 WL 9274561, at *2 (N.D. Tex. Aug. 20, 2021).

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (observing the Fifth Circuit's general disfavor of default judgments and preference to resolve cases on their merits). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the

domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id*. Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

A defaulting defendant is deemed to admit all well-pleaded facts in the plaintiff's complaint, but not facts that are not well pled or conclusions of law. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Typically, damages are not awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Courts have developed a three-part analysis to determine whether to enter a default judgment against a defendant. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, in assessing whether the entry of a default judgment is procedurally warranted, courts consider several factors, including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merit of the plaintiff's pleadings to determine whether there is a sufficient factual basis for default judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (finding that a plaintiff must plead sufficient facts to show it is entitled to relief). Third, courts determine what form of relief, if any, the plaintiff should receive. *See 1998 Freightliner*, 548 F. Supp. 2d at 384.

### III.  ANALYSIS

As an initial matter, the undersigned must determine whether Southwest Marine properly served Valentine. Fed. R. Civ. P. 4(c). Federal Rule of Civil Procedure 4(e)(1) describes the process for serving an individual. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Thus, the Court looks to the Texas Rules of Civil Procedure to determine propriety of service. Fed. R. Civ. P. 4(e)(1).

Here, the return of service documents establish that the summons and complaint were delivered on January 8, 2024, to "a co-resident over the age of 16" at Valentine's Balch Springs address. (*See* Dkt. No. 5.) The return of service otherwise meets the requirements for effective service under Texas law. *See* Tex. R. Civ P. 106, 107. Thus, Southwest Marine effectively served Valentine in accordance with both Federal and Texas law. *See* Fed. R. Civ. P. 4(e)(1); Tex. R. Civ. P. 106(b)(1). On the record before the Court, there is no evidence to rebut the recitations of service (Dkt. No. 5). *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Therefore, the undersigned finds that Southwest Marine properly served Valentine.

Despite receiving proper service, the Court's docket and record show that Valentine has not filed an answer or other responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Furthermore, Valentine's only filing in this case constitutes neither an answer nor a responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, the undersigned also finds that Valentine failed to timely plead or otherwise respond to the Complaint under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Based on the foregoing, the Clerk's entry of default against Valentine (Dkt. No. 7) was appropriate.

### A. Default Judgment is Procedurally Warranted.

Based on the *Lindsey* factors, Defendant's motion for default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. First, there are "no material issues of fact in dispute," as Valentine failed to answer the Complaint or otherwise appear before the Court. Second, Valentine's failure to respond threatens to prejudice Southwest Marine's interests. Third, the grounds for default are clearly established given that Southwest Marine served Valentine with the Complaint, and Valentine has failed to answer or otherwise defend despite being given warnings from this Court that failure to respond could result in default judgment against her. Fourth, there is no evidence before the Court to indicate that Valentine's silence is the result of a "good faith mistake or excusable neglect." Fifth, entry of a default judgment against Valentine will not be unusually harsh as Southwest Marine only seeks the relief to which it is entitled for the losses incurred by its insured, My Community. Finally, the Court is not aware of any facts that would obligate the Court to set aside the default if challenged by Valentine. *See Lindsey*, 161 F.3d at 893.

### B. Default Judgment is Substantively Warranted.

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). Valentine, by her default, is deemed to have admitted the well-pleaded allegations in Southwest Marine's Complaint. *Nishimatsu Constr. Co.*, 515 F.2d at

9

1206 (citing *Ohio Cent. R.R. Co. v. Cent. Trust Co. of N.Y.*, 133 U.S. 83 (1889)). A default judgment is unassailable on the merits but only as to the well-pleaded allegations that are assumed to be true. *Id.* As such, the Court must review the pleadings to determine whether they provide a sufficient basis for Southwest Marine's claims for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

In conducting this analysis, courts look to the pleading requirements set out in Rule 8(a)(2). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 497 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Wooten*, 788 F.3d at 497 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This "low threshold" is less rigorous than that under Rule 12(b)(6). *Wooten*, 788 F.3d at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Wooten*, 788 F.3d at 498 n.3.

### 1. Default judgment is appropriate for Southwest Marine's fraud claim.

For common law fraud, Plaintiff must show "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth;

(4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party; and (6) causing injury." *Flaherty & Crumrine Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212-13 (5th Cir. 2009) (citations omitted) (discussing Texas law).  But "[i]n federal court, fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b)." *Edge Adhesives, Inc. v. Sharpe Concepts, LLC*, No. 4:15-CV-405-O, 2015 WL 12743618, at *3-4 (N.D. Tex. Aug. 31, 2015) (citations omitted); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  The Fifth Circuit interprets Rule 9(b) to require, at minimum "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (Rule 9(b) requires "'the who, what, when, where, and how' to be laid out") (citations omitted).

  Southwest Marine's Complaint alleges fraud and states that Valentine represented to My Community that the Credit Card charges, and the subsequent repayments were legitimate transactions, but her representations were false because she was operating a kiting scheme to misappropriate funds with no intention of repayment.  (Compl. ¶¶ 26, 27.)  The Complaint further alleges that Valentine's misrepresentations regarding the legitimacy of the charges and the purported repayments returned due to insufficient funds were made with the intent to mislead My Community so that Valentine could continue to charge the Credit Card and

misappropriate additional funds from My Community. (*Id.* ¶ 28.) Finally, the Complaint alleges that My Community reasonably relied upon Valentine's false representations to its detriment, suffering a loss in the principal amount of $59,228.69. (*Id.* ¶ 29, 31.)

The Affidavit of Dawn Sedgwick ("Sedgwick Aff.") (Dkt. No. 11-2), offered by Southwest Marine in support of the motion, provides additional factual support for Southwest Marine's fraud claim. For example, Sedgewick, a Senior Examiner in the Subrogation Department for Southwest Marine, stated that she "personally investigated and confirmed the allegations" stated in the Complaint. (*See* Sedgwick Aff. ¶ 3.) Her affidavit further states that My Community, a financial institution existing under the laws of Texas, issued Valentine a credit card account ending in 6869 with a $3,400.00 credit limit. (*Id.* ¶¶ 5, 6.) Sedgewick also outlined the particulars of the kiting scheme, explaining that, between February 7, 2022, and September 26, 2022, Valentine repeatedly made charges on the Credit Card to VTE and other companies and then purported to make payments through Venmo and other sources in order to permit new charges, but those payments eventually would be returned due to insufficient funds. (*Id.* ¶¶ 7-10.) According to Sedgewick, Valentine did this on 34 separate occasions until January 3, 2023, when her scheme was discovered during a review of delinquent accounts. (*Id.* ¶¶ 11, 12.)

These allegations meet the requisite standard to plead a claim for fraud, as they detail "the who, what, when, where, and how" of the fraud. *See Williams*, 112

F.3d at 179. Accordingly, the undersigned finds that Southwest Marine pleaded Valentine's fraudulent representations with the requisite specificity.

### 2. Default judgment is appropriate for Southwest Marine's conversion claim.

Southwest Marine's conversion claim against Valentine is also adequately pleaded. Texas law defines conversion as the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights[.]" *Hyde & Hyde, Inc. v. Mount Franklin Foods, L.L.C.*, 523 F. App'x 301, 304 (5th Cir. 2013) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)). "The plaintiff must prove that: (1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Id.* (quoting *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009)). Those elements are established here.

Southwest Marine alleges that: (1) My Community was the rightful possessor and owner of funds used by Valentine to make credit card purchases; (2) Valentine had no right to take or to possess My Community's funds and deprived My Community of its rightful possession and ownership of its funds; (3) My Community demanded return of the funds; and (4) Valentine refused to return the funds to My Community or to Southwest Marine. (Compl. ¶¶ 33-36.) Valentine has not

13

appeared to dispute these elements. Therefore, Southwest Marine has stated a claim for conversion of funds belonging to My Community.

### 3. Default judgment is appropriate for Southwest Marine's unjust enrichment claim.

"Under Texas law an unjust enrichment claim requires showing that one party 'has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Digital Drilling Data, Systems, L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365, 379-80 (5th Cir. 2020) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). Furthermore, "some observers . . . have suggested Texas law actually recognizes two theories or species of unjust enrichment: one for passive receipt of a benefit that would be unconscionable to retain, and another for wrongfully securing a benefit." *Advarra Tech. Sols., Inc. v. N. Tex. Clinical Trials, LLC*, No. 4:22-CV-001049-O, 2023 WL 6219411, at *4 (N.D. Tex. Sept. 8, 2023), *adopted*, 2023 WL 6217744 (N.D. Tex. Sept. 25, 2023) (quoting *Digital Drilling Data, Systems*, 965 F.3d at 38); *see also U.S. for Use of M-Co Constr., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Southwest Marine's unjust enrichment pleadings satisfy Rule 8(a)'s pleading requirements. The Complaint alleges unjust enrichment and states facts showing that Valentine: (1) obtained a benefit from My Community in an amount no less than $59,228.69; (2) Valentine's retention of such benefits without disgorgement violates the fundamental principles of justice, equity, and good conscience; (3) despite demand, Valentine has not returned the funds to My Community or

Southwest Marine; and (4) as a result of Valentine's unjust enrichment, My Community, and thus Southwest Marine, suffered a loss in the principal amount of $59,228.69.

The Affidavit of Ms. Sedgwick avers that Valentine repeatedly made charges to the Credit Card and initiated payments through Venmo and other sources to reduce or eliminate the credit card balance to once again permit new charges; but those payments were later returned due to insufficient funds. (*See* Sedgewick Aff. ¶¶ 7-10.) Further, Valentine did this on 34 separate occasions between February 7, 2022, and September 26, 2022, until a review of delinquent accounts by My Community exposed her scheme on January 3, 2023. (*Id.* at ¶¶ 7, 11, 12.) Therefore, Southwest Marine has sufficiently pleaded its unjust enrichment claim.

### C. Southwest Marine is entitled to $59,228.69 in damages.

Having concluded default judgment is proper, the undersigned must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the pleadings' truth. *See, e.g.*, *Advarra*, 2023 WL 6219411, at *2; *Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Thus, a plaintiff cannot summarily provide the Court with figures for damages or attorney's fees without explanation. Rather, it must "establish[ ] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857. Although Southwest

Marine initially sought compensatory damages in the amount of $59,228.69, plus punitive damages, interest, costs of suit, and attorneys' fees (Compl. at 6), it now seeks only the principal amount of $59,228.69 (Dkt. No. 11 at ¶ 15; Sedgewick Aff. at ¶ 25) and waives its request for punitive damages (Sedgewick Aff. at ¶ 26 (Dkt. No. 11 at ¶ 16).  Moreover, no other costs, including attorneys' fees are requested in the motion.  (*See* Dkt. No. 11.)

Accordingly, damages in this matter are mathematically ascertainable without a hearing, amounting to $59,228.69 plus post-judgment interest at the federal rate from the date of judgment until it is paid.  This figure represents the principal due to Southwest Marine by Valentine.  (Sedgewick Aff. at ¶ 25.)

The Court also finds Valentine is neither an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act.  *See* 50 U.S.C. § 3901 (formerly cited as 50 App. U.S.C. § 501); Sedgewick Aff. at ¶ 26.

### IV.  CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Southwest Marine's motion for default judgment (Dkt. No. 11) be **GRANTED**, and **DEFAULT JUDGMENT** be **ENTERED** in favor of Plaintiff Southwest Marine & General Insurance Company ("Southwest Marine"), as assignee and subrogee of My Community Credit Union, against Defendant Tammion Valentine, consistent with these Findings, Conclusions, and Recommendation.

The undesigned **FURTHER RECOMMENDS** that Southwest Marine's motion to dismiss Defendant Valentine Travel Express, LLC (Dkt. No. 13), be **GRANTED**, and Southwest Marine's claims against Defendant Valentine Travel Express, LLC, be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on October 4, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE